PROVIDENCIA GELY, Plaintiff and Appellant, v. FRUCTUOSO RODRÍGUEZ, Defendant and Appellee.

No. 3528. Argued March 31, 1925.—Decided July 22, 1925.

1. HUSBAND AND WIFE—DIVORCE—COMMUNITY PROPERTY—INCREASE IN VALUE OF SEPARATE PROPERTY.—Increase in the market value of real property belonging to one of the spouses by reason of natural causes or the lapse of time can not be considered as community property.

2. APPEAL—TRANSCRIPT—JUDGMENT.—When for lack of accurate data in the transcript the appellate court is not in a position to render a judgment different from that rendered by the court below, the latter will be affirmed.

District Court of Guayama, Gabriel Castejón, J. Judgment overruling in part an opposition to an inventory submitted by the defendants. *Affirmed.*

*José F. Aponte* for the appellant. *Manuel A. Martínez Dávila* for the appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

Providencia Gely brought an action of divorce against her husband, Fructuoso Rodríguez, and recovered judgment. A partitioner was appointed to liquidate the community property, but did not act. Rodríguez died and, being sub-

stituted by his heirs, Providencia Gely moved the court to order the heirs to submit an inventory of the property. They did so and Providencia Gely objected to it. A hearing was held and both parties introduced evidence, whereupon the court rendered judgment sustaining the objections as regards two houses built after the dissolution of the conjugal partnership, but prior to the inventory, and ordering that they be included in the inventory, overruling the objections in all other respects, without costs. Providencia Gely then took the present appeal.

The inventory contains a brief introduction explaining the facts of the case and then goes on to enumerate as separate property of the husband 12 rural properties, 2 urban properties, 85 head of cattle, 8 horses, 2 mares, 2 asses, 1 buggy and the household furniture. It does not fix the value of the said properties. It states that the husband acquired them partly by inheritance from his first wife, Manuela Martínez, and partly as community property of his first marriage, and that the said properties had not been enhanced during the second wedlock. As a reduction from the separate properties, it states that property No. 11 had been sold. It then enumerates as community property a rural property and the sum of $4,000 deposited with the firm of Freiría & Co., pending the liquidation of the said firm in bankruptcy. Finally the inventory states that when the husband died there appeared on one of his properties 11 head of cattle branded as belonging to another person.

It may be said that in the objections it was admitted that the fourteen real properties of the husband were in fact his separate property, but it is contended that they have considerably increased in value and that the increase is community property. There are also mentioned as community property not included in the inventory the proceeds of the properties sold, amounting to several thousands of dollars, 80 head of cattle and the household furniture.

We are of the opinion that the court acted correctly in

overruling the objection in relation to the separate real property.

[1] It was not alleged that the said properties had increased in value by virtue of improvements made by the labor of the spouses, or at the expense of the community property. As the case was presented, it seems that Providencia Gely maintains that the mere increase in the market value of a separate real property becomes community property, but such is not the case. Even if such increase could be considered a betterment, it would not be community property. Manresa, in volume 9 of his Commentaries on the Civil Code, page 598, expresses himself as follows: "Nothing need be said of the improvements arising from nature or the lapse of time. Together with the property, they increase its value to the profit of the owner and do not require indemnity, as they have cost him nothing."

[2] The only doubt that we have in this case is concerning the cattle and the personal property. There is no satisfactory explanation why at the time of the dissolution there existed only the credit of $4,000 subject to the outcome of a bankruptcy proceeding, as has been stated, and the eleven head of cattle branded as the property of a person other than the husband, but we find no accurate data in the transcript to enable us to render a judgment different from that of the district court.

The evidence introduced by Providencia Gely tends to show that the properties yielded considerable profits, but it establishes nothing with regard to the expenses and the net profit that might have existed at the time of the dissolution of the community or the making of the inventory.

The evidence introduced by Providencia Gely also tends to show that Rodríguez concealed the cattle that he had, eighty head, when it was sought to levy an attachment against him in the action for divorce, but it does not establish anything with certainty with regard to the actual ex-

istence of cattle at the time of the dissolution of the marriage.

We are aware of the difficulties that a woman placed in the position of the plaintiff encounters in investigating and determining property of the kind in question, but we can not give judgment on mere suppositions more or less logical, and must give credit to the action of the trial judge, who was in a better position than we are.

Now, although it may be unnecessary, it seems opportune to state that the judgment of the court in approving the inventory as it did does not settle once and for all time that the only community property of the spouses was that enumerated in the inventory. The inventory is the first step in making the partition and if the interested party finds more property lawfully belonging to the community and can point it out with certainty, he may move the court to order that such property be included in the common mass and be then liquidated and distributed in accordance with the facts and the law. Perhaps, although also unnecessary, it may be well to remember that these suits wherein the parties, due to prejudice and rancour, do not yield anything and obstruct any friendly settlement, only lead to ruin. At times it is impossible to reach an exact conclusion. In this case, for example, there are twelve rural properties. It seems that Rodríguez was a rustic. Perhaps he kept no account books. How is it possible to reconstruct such a management of property that covered several years? The same is true of the cattle. There are careful property owners who might present a complete record, but others do not keep the slightest note of their affairs. Good faith; a real desire to live and let live; a consideration of the facts with a sincere purpose of arriving at the truth and getting as near to justice as possible and then finally arriving at a decision in round numbers, without going too deep into details, are the elements required for a prompt and proper solution of this kind of a problem.

By virtue of all of the foregoing the judgment appealed from must be affirmed.